UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED ANTHONY WINTERER,

           Plaintiff,

   v.

UNITED STATES, et al.,

           Defendants.

CASE NO. 2:25-cv-02670-BHS-DWC

ORDER DECLINING TO SERVE

      The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Jared Winterer, proceeding *pro se* and *in forma pauperis*, filed a proposed civil rights Complaint under 42 U.S.C. § 1983 ("Complaint") and a Motion for Counsel. Dkts. 1, 1-1, 1-2. Having reviewed and screened Plaintiff's Complaint (Dkt. 1-1) under 28 U.S.C. § 1915A, the Court declines to serve the Complaint, but grants Plaintiff leave to amend it, if possible, to correct the deficiencies identified herein. In addition, the Court denies the Motion for Counsel (Dkt. 1-2) without prejudice.

## I. Background

Plaintiff, who is incarcerated at Monroe Correctional Center ("MCC"), initiated this lawsuit on December 19, 2025. Dkt. 1. The Complaint lists the following as defendants in this action: the United States, Washington State DOC, and Phu Ngo. Dkt. 1-1 at 1.

In the Complaint, Plaintiff alleges that since recovering from a coma in 2005, he has not received adequate medical care for a plethora of conditions, such as neurological disfunction, decreased muscle mass, and eyesight deterioration. *Id.* at 4–5. The medical staff at MCC has failed to provide him medication to treat his various brain and hormonal conditions because it was against State protocol. *Id.* at 5–6. And Ngo failed to diagnose Plaintiff's thyroid issues by misinterpreting Plaintiff's blood test. *Id.* at 8–9. Finally, Plaintiff requests that the Court order "to release [him] from state prison," so that he "can renounce [his] citizenship" and move to Russia. *Id.* at 6.

Based on these allegations, the Court interprets Plaintiff as raising an Eighth Amendment claim of deliberate indifference to serious medical needs. Before, assessing that claim, the Court addresses several other legal issues that arise from the Complaint.

## II. Discussion

### A. *Screening Standard*

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

ORDER DECLINING TO SERVE - 2

152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

After informing a pro se litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

B. *Improper Defendants*

Plaintiff names the United States as a defendant in this case. The United States cannot be sued under § 1983. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). And he cannot sue the Washington State DOC because it is an arm of the State. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989) (holding that "[s]tates and governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" subject to suit under § 1983).

C. *Possible Habeas Claim*

In the Complaint, Plaintiff requests that the Court order his release so that he can seek asylum in Russia. Dkt. 1-1 at 6. The Court, however, cannot provide this relief in a § 1983 action. The Supreme Court of the United States has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state

prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

D. *Deliberate Indifference to a Serious Medical Need Claim*

In the Complaint, Plaintiff raises an Eighth Amendment claim against Defendant Ngo because he failed to diagnose Plaintiff's thyroid issues. Dkt. 1-1 at 8. The Court interprets this claim as an Eighth Amendment claim of deliberate indifference to a serious medical need.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show

ORDER DECLINING TO SERVE - 5

that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a colorable claim of deliberate indifference against Ngo. Liberally construing the allegations of the Complaint, Plaintiff alleges that Ngo failed to diagnose his thyroid issues. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. In addition, Plaintiff has not alleged if the misdiagnosis was intentional and has not identified what harm he suffered as a result of the misdiagnosis.

Therefore, the Court declines to serve the Complaint because Plaintiff fails to state any colorable claims.

### III. Motion for Counsel

In his Motion for Counsel, Plaintiff states he requires counsel because he does not have the resources to hire his own counsel. Dkt. 1-2 at 2.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the

ORDER DECLINING TO SERVE - 6

[plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Without stating any colorable claims in the Complaint, Plaintiff cannot show that he is likely to succeed on the merits of this case. Therefore, the Court denies the Motion for Counsel (Dkt. 1-2) without prejudice.

### IV.   Instructions to Plaintiff

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person or entity who violated the right; (3) exactly what the individual or entity did or failed to do; (4) how the action or inaction of the individual or entity is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's or entity's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original

ORDER DECLINING TO SERVE - 7

complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking any Defendants to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

**V.    Conclusion**

For the foregoing reasons, Plaintiff has failed to state a claim in his Complaint (Dkt. 1-1). And the Court denies the Motion for Counsel (Dkt. 1-2) without prejudice.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **February 17, 2026**, the undersigned will recommend dismissal of this action without prejudice.

Finally, the Clerk of Court is directed to send Plaintiff a copy of this Order and the appropriate forms for filing an amended 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 16th day of January, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO SERVE - 8