UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED ANTHONY WINTERER,

Plaintiff,

v.

UNITED STATES, et al.,

Defendants.

CASE NO. 2:25-CV-2670-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 16, 2026

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. This matter is on review following Plaintiff Jared Anthony Winterer's failure to file an amended complaint or adequately address his pleading's deficiencies by the required deadline. *See* Dkt. 8 (Order Declining Service). For the reasons below and those stated in the Order Declining Service, the Court recommends this action be dismissed without prejudice and all pending motions (Dkts. 9, 10) be denied as moot.

## I.    BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action on December 19, 2025. Dkts. 1, 5. In his complaint filed pursuant to 42 U.S.C § 1983, Plaintiff alleges constitutional violations arising out of the conditions of confinement within the Washington

REPORT AND RECOMMENDATION - 1

State Department of Corrections ("DOC"). Dkt. 6. As defendants, Plaintiff names the United States, the DOC, and Physician's Assistant Phu Ngo. *Id.* at 1. Plaintiff alleges he suffers from various medical conditions, including thyroid-related issues, and contends he did not receive adequate treatment for those conditions in violation of the Eighth Amendment to the United States Constitution. *Id.* at 4–9. In addition to monetary relief, Plaintiff requests protection from Washington State law enforcement and release from custody so that he "can renounce [his] citizenship" and move to Russia. *Id.*

On January 9, 2026, the Court screened and declined to serve the complaint. Dkt. 8. In its Order Declining Service, the Court advised Plaintiff of several deficiencies that must be cured before he may proceed in this action:

   a. The United States is not a proper defendant in an action under 42 U.S.C. § 1983, which authorizes suit against persons acting under color of *state* law.

   b. The DOC is an arm of the State of Washington and is not a "person" subject to suit under § 1983.

   c. To the extent Plaintiff seeks release from custody, such relief must be pursued through a petition for writ of habeas corpus, not a § 1983 action.

   d. Plaintiff failed to allege facts sufficient to state a colorable claim of deliberate indifference to serious medical needs under the Eighth Amendment against Defendant Ngo. At most, Plaintiff's allegations suggested negligence in failing to diagnose a thyroid condition, which does not rise to the level of a constitutional violation.

Dkt. 8 at 2–6. The Court instructed Plaintiff on how the deficiencies in the complaint may be cured and granted leave to amend. *Id.* at 4–6, 7–8. The Court also informed Plaintiff that failure to file an amended complaint or adequately address the court-identified issues would result in a recommendation this action be dismissed. *Id.* at 8.

Plaintiff did not file an amended complaint by the February 17, 2026 deadline. Instead, Plaintiff filed a motion for appointment of counsel, asserting he requires the assistance of

REPORT AND RECOMMENDATION - 2

counsel to proceed in this suit and requesting the action be converted to one in which the United States is capable of being sued. Dkt. 9. Plaintiff also filed a motion for injunctive relief, again requesting this suit be converted so that he may sue the United States and that he be released from confinement, have federal protection from Washington State law enforcement, be permitted to seek asylum in Russia, be awarded monetary damages, and be allowed to include the DOC and the United States as defendants. Dkt. 10.

## II.   DISCUSSION

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

However, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because *pro se* prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment) and *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir.

REPORT AND RECOMMENDATION - 3

1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

In this case, Plaintiff has been instructed on his pleading's deficiencies and provided an opportunity to cure. Dkt. 8. Plaintiff has not filed an amended complaint by the required deadline. *See docket.* Further, Plaintiff's subsequent filings do not cure the deficiencies in his complaint, nor do they demonstrate Plaintiff is capable of curing his pleading's deficiencies if given an additional opportunity to amend. *See* Dkts. 9, 10. For example, Plaintiff continues to identify the United States and DOC as defendants without identifying a viable legal basis for doing so in this action. Dkt. 10; Dkt. 9 at 4 ("I'm not dropping United States as a defendant."). Plaintiff again states he is seeking release from custody, which he was advised is not a form of relief available in this § 1983 proceeding. Dkt. 10; Dkt. 8 at 4–5. With respect to the alleged constitutional violations, Plaintiff repeats allegations regarding diagnosis and treatment for various medical conditions but does not allege facts demonstrating a colorable deliberate indifference claim against any defendant. Dkt. 10.

Therefore, the Court finds Plaintiff has failed to cure his pleading's deficiencies and has not shown he would be capable of doing so if given another opportunity to amend. As such, this action should be dismissed for failure to state a claim and for failure to comply with a court order.

### III.  CONCLUSION

Accordingly, the Court recommend this action be dismissed without prejudice and Plaintiff's pending motions (Dkts. 9, 10) be denied as moot.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

REPORT AND RECOMMENDATION - 4

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 16, 2026**.

Dated this 20th day of February, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5